UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SAMER FATTAH,                                                            DKT#:  14-CV-7317

                       Plaintiff,                                       **FIRST AMENDED COMPLAINT**

     - against -                                                           **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                                                    **ECF CASE**
P.O. BRENT CURRY and P.O. NABIL LAAFAR
Individually and in their official capacities,

                       Defendant.
------------------------------------------------------------------------x

     Plaintiffs, SAMER FATTAH, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

    1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

    2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

    3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

    4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, SAMER FATTAH, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. BRENT CURRY and P.O. NABIL LAAFAR, were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On or about July 31, 2013, at approximately 11:30 p.m., the Plaintiff was pulled over while driving his vehicle.  The Plaintiff was pulled over at Staten Island Expressway and Todt Hill Road, in Staten Island.

14. During the traffic stop, P.O. BRENT CURRY pointed a firearm at the Plaintiff without legal right or justification.

15. During the traffic stop, P.O. BRENT CURRY used physical force against the Plaintiff without legal right or justification.

16. During the traffic stop, P.O. BRENT CURRY beat the Plaintiff about the body with a baton, which caused the Plaintiff serious physical injury, pain, and suffering.

17. During the traffic stop, P.O. BRENT CURRY used excessive force against the Plaintiff while P.O. NABIL LAAFAR was in a position to intervene and prevent the unlawful and unjustified assault upon the Plaintiff.  However, NABIL LAAFAR failed to intervene despite having sufficient opportunity to intervene.

18. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "18" with the same force and effect as if fully set forth herein.

20. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

21. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

24. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. That the level of force employed by the defendants against the Plaintiff was objectively unreasonable and in violation of Plaintiff's constitutional rights.

27. a result of the foregoing, plaintiff sustained, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Defendants subjected the Plaintiff to excessive force, false arrest, and a protracted and unreasonable traffic stop of the Plaintiff.

30. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

32. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

   (a) Failing to properly train, in general;
   (b) Failing to supervise police officers;
   (c) Subjecting persons to violations of their constitutionally protected rights;
   (d) Subjecting persons to excessive force.
   (e) Subjecting persons to false arrest.

33. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

34. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

35. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

36. a result of the foregoing, plaintiff sustained, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## DAMAGES AND RELIEF REQUESTED

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be subjected to the use of excessive force;

    B. Not to be deprived of liberty without due process of law;

    C. To be free from seizure and arrest not based upon probable cause;

    D. To be free from unwarranted and malicious criminal prosecution;

    E. To be free from an unlawful search and seizure of his property;

    F. To receive equal protection under the law.

39. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
      March 16, 2015

By: */s/ Bryan Konoski*
    _____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832