UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SAMER FATTAH,

                          Plaintiff,                          **MEMORANDUM & ORDER**
                                                                            14-CV-7317 (MKB) (JO)

                               v.

CITY OF NEW YORK, P.O. BRENT
CURRY and P.O. NABIL LAAFAR
Individually and in their official capacities,

                          Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Samer Fattah commenced this action on December 16, 2014, against Defendants the City of New York (the "City"), police officer Brent Curry and another unnamed officer, alleging violations of the First, Fourth, Fifth, Eight and Fourteenth Amendments, excessive force and municipal liability, pursuant to 42 U.S.C. §§ 1983 and 1988. (Compl. ¶¶ 19–36, Docket Entry No. 1.) On March 16, 2015, Plaintiff filed an Amended Complaint, adding claims against police officer Nabil Lafaar and removing the unnamed officer Defendant. By Report and Recommendation dated September 22, 2015 ("R&R"), Magistrate Judge James Orenstein recommended that the Court dismiss Plaintiff's claims with prejudice for failure to prosecute. (R&R 1, Docket Entry No. 30.) For the reasons set forth below, the Court adopts the R&R in its entirety and dismisses the Amended Complaint for failure to prosecute.

**I. Background**

       Plaintiff commenced this action on December 16, 2014, against Defendants the City, Curry and another unnamed officer. (Compl. 1.) The City answered Plaintiff's Complaint on March 10, 2015. (Answer, Docket Entry No. 6.) By Amended Complaint filed March 16, 2015,

Plaintiff added allegations against Lafaar and removed the unnamed officer Defendant. (Am. Compl. ¶¶ 9, 17, Docket Entry No. 8.) By affidavits filed April 25, 2015, Plaintiff attested to service of the Summons and Amended Complaint on Curry and Lafaar. (Docket Entry Nos. 15, 16.) Defendants answered the Amended Complaint on June 2, 2015. (Answer to Am. Compl., Docket No. 19.)

On May 6, 2015, counsel for Plaintiff filed a motion with the Court seeking leave to withdraw as counsel for Plaintiff. (Mot. to Withdraw as Att'y, Docket Entry No. 18.) In light of the motion, Judge Orenstein scheduled an in-person hearing for June 8, 2015, and required Plaintiff to attend. (May 18, 2015 Scheduling Order.) Plaintiff failed to appear for the conference. (June 8, 2015 Min. Entry, Docket Entry No. 20.) Judge Orenstein rescheduled the conference to June 23, 2015, directed Plaintiff to appear, and warned Plaintiff that "failure to comply may result in sanctions including a recommendation that the case be dismissed for failure to prosecute." (*Id.*) Judge Orenstein directed Plaintiff's counsel "to use his best efforts to inform the plaintiff of the potential consequences of failing to appear as required at the next conference." (*Id.*)

Plaintiff failed to timely appear at the June 23, 2015 conference. (Scheduling Order, Docket Entry No. 23.) The conference was rescheduled to June 30, 2015, and Judge Orenstein again warned Plaintiff that if he "fail[ed] to comply, I will recommend dismissal of his case for failure to prosecute." (*Id.*) Plaintiff appeared at the next conference, held on July 7, 2015, and, with Plaintiff's consent, Judge Orenstein granted counsel's motion to withdraw as Plaintiff's attorney. (Min. Entry for Status Conference held on July 7, 2015, Docket Entry. No. 26.)

After the July 7 conference, Plaintiff failed to take any further action to prosecute his case. (R&R 2.) Plaintiff failed to appear at status conferences scheduled for September 10, 2015

and September 17, 2015, and failed to otherwise communicate with the Court.  (*Id*. at 2.)  On September 22, 2015, Judge Orenstein recommended that Plaintiff's claims be dismissed with prejudice for failure to prosecute.  (*Id*. at 4.)  Judge Orenstein directed objections to be filed by October 9, 2015.  (*Id*.)  No objections were filed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Orenstein's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

**III. Conclusion**

The Court dismisses the Amended Complaint, with prejudice, for failure to prosecute.

The Clerk of Court is directed to close this case.

SO ORDERED:

      s/ MKB          
MARGO K. BRODIE
United States District Judge

Dated: October 15, 2015
       Brooklyn, New York